Edward J. Fanning, Jr., Esq.
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
(973) 624-7070 FAX
efanning@mccarter.com
*Attorneys for Defendant,*
*Frontier Airlines, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TERESA VIGLIONE,<br><br>                                  Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br>ABC DOES 1-20 (FICTITIOUS NAMES),<br><br>                                  Defendant(s). | Case No. _____<br><br>**NOTICE OF REMOVAL**<br>**AND COPIES OF ALL PROCESS AND**<br>**PLEADINGS IN STATE COURT** |

TO:   The United States District Court for the District of New Jersey, Newark Division

**PLEASE TAKE NOTICE** that Frontier Airlines, Inc. is hereby removing the above-styled action from the Superior Court of New Jersey, Law Division, Ocean County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this Notice, Defendants state:

1.   Plaintiff Teresa Viglione ("Plaintiff"), filed the above-entitled action in the Superior Court of New Jersey, Law Division, Ocean County, Docket No. OCN-L-001113-23 on May 15, 2023. Pursuant to 28 U.S.C. § 1446(a), a copy of the original Complaint filed in State Court is attached hereto as Exhibit A.

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). By virtue of the provisions of 28 U.S.C. §§ 1441 and 1446, this entire case is one that may be removed to this Court.

3. As required by 28 U.S.C. § 1446(b), Defendants file this Notice of Removal within thirty (30) days of receipt of the Complaint. Accordingly, removal of this action is timely.

4. Plaintiff is a resident of New Jersey. (Complaint).

5. Frontier Airlines, Inc. ("Frontier") is a Colorado corporation with its principal place of business located in Denver, Colorado. (Complaint, ¶ 9).

6. For diversity purposes, a corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, complete diversity of citizenship existed between the parties at the time of filing.

7. The amount in controversy in this case exceeds $75,000, exclusive of interest and cost, under the "reasonable probability" standard recognized by this Court. Section 1446(c)(2)(B) instructs that "removal . . . is proper on the basis of an amount of controversy asserted" by defendant "if the district courts find, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. The preponderance of the evidence standard is satisfied by "proof to a reasonable probability." *Roundtree v. Primeflight Aviation Service, Inc.*, 2017 WL 3207439, at *2 (D.N.J. 2017).

8. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount beyond $75,000.00 exclusive of costs and interest. Specifically, Plaintiff alleges that she suffered "significant, serious and permanent injuries [to her] shoulders, arms and body." (Complaint, ¶ 6). Plaintiff also seeks compensatory damages for "pain and suffering"; "medical aid and care"; and future "economic loss and . . . medical care costs". (Complaint ¶ 12).

9. Attached as Exhibit A and incorporated by reference are true and correct copies of all pleadings and papers filed in this action in the Superior Court of New Jersey, Law Division, Ocean County. Frontier knows of no other pleadings or papers that have been served or filed with the Superior Court of New Jersey, Law Division, Ocean County in this matter.

10. This Court has jurisdiction over this matter because complete diversity exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332, 1441. As such, this case may be properly removed.

11. Copies of this Removal Petition are simultaneously being served upon counsel for all parties of records and the State Court from which this action was removed.

12. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written Notice of the Filing of the Removal with the Clerk of the Superior Court of New Jersey, Law Division, Ocean County, along with a copy of this Notice of Removal. These papers are being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants prays that this cause proceed in this Court as an action properly removed hereto.

>Respectfully submitted,
>**McCARTER & ENGLISH, LLP**
>*Attorneys for Defendant,*
>*Frontier Airlines, Inc.*
>
>By:  *s/ Edward J. Fanning, Jr.*
>          Edward J. Fanning, Jr.
>          A Member of the Firm

Dated: June 14, 2023

## CERTIFICATE OF SERVICE

I certify that on June 14, 2023, a copy of this Notice of Removal and Copies of All Process and Pleadings in State Court was served on the following counsel of record via overnight mail at the following address:

>Kenneth J. Potis, Esq.
>Kenneth James Potis, LLC
>301 Route 9 South
>Manalapan, NJ 07726
>Attorneys for Plaintiff

>>/s/ *Edward J. Fanning, Jr.*
>>Edward J. Fanning, Jr.

# Exhibit A

KENNETH JAMES POTIS, LLC
ATTORNEY AT LAW (NJ Bar 017751987)
P.O. BOX 7, 301 ROUTE 9 SOUTH
MANALAPAN, NEW JERSEY 07726
(732) 409-0007
ATTORNEY FOR PLAINTIFF TERESA VIGLIONE

| | |
|---|---|
| TERESA VIGLIONE, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION OCEAN COUNTY |
| PLAINTIFF, | DOCKET NO. OCN-L- |
| | CIVIL ACTION |
| VS. | |
| FRONTIER AIRLINES, INC. ABC DOES 1-20 (FICTITIOUS NAMES) | COMPLAINT AND JURY DEMAND TRIAL ATTORNEY DESIGNATION |
| DEFENDANT(S). | |

Plaintiff, Teresa Viglione, residing at 366 B Chesterfield Court, Lakewood, Ocean County, New Jersey 08701, by way of Complaint against the defendant(s) say:

FIRST COUNT

1. On or about May 18, 2021, Plaintiff Teresa Viglione, was a passenger on Defendant Frontier Airlines, Inc. flight number 1258 from Orlando, Florida to Newark, New Jersey.

2. On or about May 18, 2021, Plaintiff Teresa Viglione arrived with the defendant Frontier Airlines, Inc. flight at Newark Liberty International Airport in Newark, New Jersey.

1

3. On or about May 18, 2021, as Plaintiff Teresa Viglione departed the defendant Frontier Airlines, Inc. plane, and because of the negligent maintenance of the flooring in the jet bridge Plaintiff fell down and permanently injured to her shoulders and arms and body.

4. On or about May 18, 2021, Plaintiff was caused to fall down because of an uneven floor and depression in the jet bridge located next to the Frontier Airlines, Inc. plane, Flight Number 1258.

5. On or about May 18, 2021, Plaintiff's pain was immediate from her fall down accident and she promptly called Defendant Frontier Airlines, Inc. to report the accident to the Defendant and to request that Defendant Frontier Airlines to preserve any videos or digital images of her fall down accident and the Defendant Frontier Airlines, Inc. representative advised Plaintiff that the video of her accident would be preserved.

6. On or about May 18, 2021, Plaintiff Teresa Viglione was caused by the negligence and/or omissions of Defendant Frontier Airlines,, Inc., to fall down and suffer significant, serious and permanent injuries shoulders, arms and body.

7. On or about May 18, 2021, as Plaintiff Teresa Viglione was departing the defendant Frontier Airlines, Inc. Plane with other passengers and they saw Plaintiff fall down as she departed the plane because of the uneven floor and depressions.

8. On or before May 18, 2021, Defendant Frontier Airlines, Inc. negligently failed to maintain the flooring and this negligence by Defendant Frontier Airlines, Inc. and/or ABC Does 1-20 (Fictitious Names for persons and/or entities that negligently maintained the jet bridge flooring and negligently allowed uneven floors and depressions

to exist where Plaintiff Teresa Viglione and other passengers walked while departing Defendant Frontier Airlines, Inc. planes on or about May 18, 2021) and said negligence by the Defendants is the proximate cause of Plaintiff Teresa Viglione's painful and permanent injuries, as well as her medical treatment and medical bills.

9. On or about May 18, 2021, Plaintiff Teresa Viglione suffered injuries to her shoulders, arms and body because of the negligence of Defendant Frontier Airlines, Inc., 4545 Airport Way, Denver, CO, 80239 and Defendants ABC Does 1-20 (Fictitious Names for persons or entities set forth more fully above).

10. On or about May 18, 2021, Plaintiff Teresa Viglione was a business invitee lawfully upon the premises leased, supervised, controlled, operated, owned, managed, used and/or maintained and/or repaired and/or inspected by the Defendant Frontier Airlines, Inc. and/or Defendant ABC Does 1-20 (Fictitious Names for persons or entities that operate, lease, control, supervise, own, manage and/or maintain and/or repair the jet bridge flooring where Plaintiff Teresa Viglione fell down in Newark, New Jersey and suffered injuries on or about May 18, 2021).

11. On or about May 18, 2021, Defendant Frontier Airlines, Inc., and/or Defendant ABC Does 1-20 (Fictitious Names for entities or persons set forth above) were negligent in its operation, leasing, controlling, supervision, management, ownership, maintenance, repair and/or inspection of the jet bridge flooring where Plaintiff Teresa Viglione fell down in Newark, New Jersey and such negligence was the proximate cause of the Plaintiff suffering painful and permanent injuries.

12. On or about May 18, 2021, as a direct and proximate result of the negligence of Defendant Frontier Airlines, Inc. and/or Defendant ABC Does 1-20 (Fictitious Names set forth above more fully) Plaintiff Teresa Viglione, was caused to have significant pain and suffering, expend sums of money for medical aid and care, and will in the future be caused to suffer additional significant pain and economic loss and caused to suffer future medical care costs.

13. On or about May 18, 2021, Defendant Frontier Airlines, Inc., and , Defendant ABC Does 1-20 (Fictitious Names set forth more fully above), jointly and severally, through their negligent conduct and/or omissions created an unreasonable risk of harm to the Plaintiff Teresa Viglione and said defendants did breach their duty of care to the Plaintiff Teresa Viglione thereby causing her to suffer both permanent and temporary injuries, pain and suffering, out of pocket expenses and other related injuries and damages.

WHEREFORE, Plaintiff Teresa Viglione demands judgment against Defendant Frontier Airlines, Inc., and Defendant ABC Does 1-20 (Fictitious Names for persons or entities set forth more fully above), jointly and severally, together with interest, costs of suits, reasonable attorney fees and other relief which the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on the above-named issues.

## DEMAND FOR ANSWERS TO FORM C. AND FORM C(2) UNIFORM INTERROGATORIES

Plaintiff demands that Defendants provide certified answers to Form C. and Form C(2) Uniform Interrogatories pursuant to the Rules of Court.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS PURSUANT TO RULE 4:10-2(B)

Plaintiff demands that you disclose to the undersigned whether there is any insurance agreements or policies or umbrella policies under which a person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so please attach a copy of each.

## NOTICE OF OTHER ACTIONS

Pursuant to Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of other pending actions or arbitrations, and the plaintiff is presently unaware of any other persons or entities that should be added to this action.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Kenneth James Potis, Esq., is hereby designated as trial counsel for the Plaintiff in the above-captioned litigation.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 4:18-1, Plaintiff hereby demands that each defendant herein supply copies of all investigation reports, incident reports, accident site photographs or digital images or video images, maintenance records for the accident site area, memos, emails and/or reports pertaining to the Plaintiff, within 30 days from the service of the Summons and Complaint.

## CERTIFICATION

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*[signature]*

Kenneth James Potis, Esq.
Kenneth James Potis, LLC
Attorney for Plaintiff

Dated: May 15, 2023

6

# Civil Case Information Statement

## Case Details: OCEAN | Civil Part Docket# L-001113-23

**Case Caption:** VIGLIONE TERESA  VS FRONTIER AIRLINES, I NC.
**Case Initiation Date:** 05/15/2023
**Attorney Name:** KENNETH J POTIS
**Firm Name:** KENNETH JAMES POTIS
**Address:** 301 U.S. HIGHWAY 9 SOUTH P.O. BOX 7 MANALAPAN NJ 07726
**Phone:** 7324090007
**Name of Party:** PLAINTIFF : Viglione, Teresa
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Teresa Viglione?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
       **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
       **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/15/2023
Dated

/s/ KENNETH J POTIS
Signed

```
OCEAN COUNTY SUPERIOR COURT
OCEAN COUNTY COURTHOUSE
CIVIL LAW DIVISION
TOMS RIVER         NJ 08754
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 504-0700
COURT HOURS  8:30 AM - 4:30 PM

                              DATE:    MAY 16, 2023
                              RE:      VIGLIONE TERESA  VS FRONTIER AIRLINES, I NC.
                              DOCKET: OCN L -001113 23

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON VALTER H. MUST

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
 AT:  (732) 504-0700 EXT 64366.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                    ATT: KENNETH J. POTIS
                                    KENNETH JAMES POTIS
                                    301 U.S. HIGHWAY 9 SOUTH
                                    P.O. BOX 7
                                    MANALAPAN         NJ 07726


ECOURTS
```